IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02039-WDM-OES

PARMOTO RICHARD PURVIS,

Applicant,

v.

WARDEN, JOE GUNJA, USP FLORENCE,

Respondent.

RECOMMENDATION FOR DISMISSAL

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

## INTRODUCTION

Applicant has pending before this court an Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"). Respondents have filed a Motion To Dismiss in response to the Application, and applicant has submitted his response. Pursuant to 28 U.S.C. § 636(b)(1)(B), and F.R.Civ.P. 72(b), this matter has been referred to me for Recommendation.

## BACKGROUND

Applicant is a federal prisoner, who is incarcerated in the District of Colorado. He was convicted on April 10, 1996, in the United States District Court for the Southern District of Iowa for a continuing criminal enterprise ("CCE"), a conspiracy during the same period, a distribution violation regarding cocaine base, and several firearms offenses during the drug activity. On July 23, 1996, applicant was sentenced to a term

of life plus forty-five years.

Applicant filed a direct appeal of his convictions and sentences, but on May 29, 1997, the Court of Appeals for the Eighth Circuit affirmed the trial court proceedings. Subsequently, the applicant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On May 9, 2001, the motion was denied, and no Certificate of Appealability appears to have issued from the Eighth Circuit.

Acting through counsel, applicant brings this action, alleging that because § 2255 is inadequate or ineffective to test the legality of his detention, he may be able to seek habeas relief pursuant to § 2241 because he has not had an opportunity to obtain judicial correction of a potential fundamental defect in his conviction. Applicant argues that Richardson v. United States, 526 U.S. 813 (1999); Rutledge v. United States, 517 U.S. 292 (1996); and United States v. Barajas-Diaz, 313 F.3d 1242 (10th Cir. 2002), now require that his conviction for conspiracy and a continuing criminal enterprise be vacated. Further, he also argues that Blakely v. Washington, - - - U.S. - - -, 124 S.Ct. 2531 (2004), invalidates all of his sentences and holds them to be unconstitutional.

Respondent has challenged the Application under a Motion To Dismiss, asserting that this court lacks jurisdiction to review the claims presented by the applicant. Respondent contends that the Application is merely a second or successive attack on applicant's conviction or sentence, and therefore, must be viewed under the limitations set forth under § 2255 which would preclude further review. Since the applicant has not demonstrated that he is "actually innocent" of the charges of which he was convicted, posits the respondent, he may not pursue a second or successive

motion. Additionally, the respondent argues that the applicant has an adequate and effective remedy in the District of Iowa pursuant to § 2255, and that Blakely is not to be retroactively applied to the applicant.

Applicant has strenuously resisted the dismissal motion, contending that § 2241 remains an appropriate method by which to obtain habeas relief in this court, that this court is an appropriate venue for his Application, that Blakely should be retroactively applied to his case based upon subsequent Supreme Court case law, and that a demonstration of actual innocence is not required to obtain relief.

## DISCUSSION

**I.      Statutory Authority For The Pending Application.**

In this case, applicant has filed his § 2241 Application in this District, where he is confined, ostensibly to contest the execution of his sentence based on the increased custody classification and housing conditions under which he is incarcerated stemming from his dual convictions for CCE and conspiracy which he argues are illegal. MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FILED PURSUANT TO 28 U.S.C. SECTION 2241 ("MEMORANDUM OF LAW"), Docket #2, p. 7.   As relief, he requests that his convictions and sentences be vacated by this court. Id. at p. 19.

An Application filed under 28 U.S.C. § 2241 "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  On the other hand, if an applicant wishes to challenge the legality of his detention, a motion under 28 U.S.C. § 2255 must be filed in the district that imposed the sentence." Id. (citations omitted).  An

Application under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. Id. However, a § 2241 Application which attacks custody resulting from a federally imposed sentence may be appropriate when the applicant can satisfy the requirements of the so-called "savings clause" found in § 2255, which states:

> An application . . . in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

This exception is extremely narrow. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). A § 2255 motion would be inadequate or ineffective in circumstances such as where the original sentencing court has been abolished, when the sentencing court refuses to consider the motion altogether, when the court inordinately delays consideration of the motion, or when no one court could grant complete relief. Id. The applicant has the burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 does not establish that the remedy is either inadequate or ineffective. Bradshaw, 86 F.3d at 166 (*citing* Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)). The fact that an applicant is precluded from filing a second motion under § 2255 does not render the remedy inadequate or ineffective. Caravalho, 177 F.3d at 1179.

In this case, the applicant cannot meet his burden of demonstrating that the § 2255 remedy is inadequate or ineffective. The applicant's first claim argues that his sentences are unconstitutional and in violation of Blakely, together with the subsequent

cases of <u>United States v. Booker</u>, - - - U.S. - - -, 125 S.Ct. 738 (2005) and its companion case of <u>United States v. Fanfan</u>, - - - U.S. - - -, 125 S.Ct. 738 (2005).  While the Supreme Court has not made the <u>Blakely/Booker</u> rule applicable to cases on collateral review, the Eighth Circuit has held that <u>Blakely</u> and <u>Booker</u> are not retroactive on collateral review.  See <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005); <u>see</u>, <u>also</u>, <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005).  However, this fact does not bring him within the savings clause because the <u>Blakely</u> and <u>Booker</u> rulings are recent decisions and the Supreme Court has not yet made a clear ruling concerning retroactivity.  In the event the Supreme Court makes its holdings in these cases retroactive, the applicant could seek to file a second or successive motion under § 2255.  Accordingly, the remedy of a § 2255 motion is not inadequate or ineffective, and review of this claim under the savings clause exception would not be appropriate.

The applicant indicates that "[t]he [Iowa] District Court had an opportunity to vacate the lesser charge of conspiracy but failed to do so when requested in Applicant's original Section 2255 motion."  APPLICANT'S RESPONSE TO THE GOVERNMENT'S RESPONSE TO APPLICANT'S MOTION FOR RELIEF FILED PURSUANT TO 28 U.S.C. SECTION 2241 ("APPLICANT'S RESPONSE"), Docket #13, p. 1.  In this regard, review of the record demonstrates that the same issue under <u>Rutledge</u> that the applicant seeks to present in this court as the first subpart in his second claim under § 2241 was presented to the Iowa court in § 2255 proceedings.  See RECORD EXCERPTS IN SUPPORT OF WRIT OF HABEAS CORPUS PETITION FILED PURSUANT TO TITLE 28 U.S.C. SECTION 2241 ("RECORD EXCERPTS"), Docket #3, Exh. 4.  Applicant's failure to obtain

relief under § 2255 in the Iowa court with regard to this claim does not establish that the remedy is either inadequate or ineffective to allow review in this court. See Bradshaw, 86 F.3d at 166. Consideration of the claim in this court under § 2241 would amount to re-litigation of a claim already rejected by the sentencing court and cause the applicant's § 2241 Application in this court to be an inappropriate additional, alternative, or supplemental remedy. Accordingly, this court lacks jurisdiction over this claim.

In the second subpart of his second claim in this court, the applicant argues that his CCE conviction is illegal because the government failed to prove three separate and distinct overt criminal acts. Specifically, the applicant relies upon retroactive application of the Supreme Court's ruling in Richardson v. United States, 526 U.S. 813 (1999), as the foundation for his argument. While it is not apparent that the Eighth Circuit has so ruled, the Circuit Courts which have spoken on the issue have uniformly applied Richardson in a retroactive manner on collateral review. See United States v. Montalvo, 331 F.3d 1052, 1055 (9th Cir. 2003) (collecting cases). There is nothing in the record to demonstrate that the applicant has been precluded in any manner from pursuing such a claim in the sentencing court nor that he has been denied certification for a second or successive motion in the Eighth Circuit; it appears that he simply has not tried to obtain relief on this claim in those courts. Applicant clearly cannot use a § 2241 Application as an alternative to the more appropriate avenue of a § 2255 motion.

Applicant has argued that he can never receive a "fair and just application" of decisions such as Richardson to his case because of bias or prejudice of the

6

sentencing judge.  See MEMORANDUM OF LAW, Docket #2, p. 8.  Applicant cites to comments made by the judge at the sentencing hearing to demonstrate that such bias or prejudice against him exists.  Id.  However, even if applicant could establish bias or prejudice by the sentencing judge, "§ 2255 still would be adequate because he could move to recuse the sentencing judge."  Bradshaw, 86 F.3d at 167.

Finally, as the third and last subpart to his second claim, the applicant contends that the Indictment against him was multiplicitous, and violated the Fifth Amendment prohibition against double jeopardy.  Applicant contends that charging him with four violations of 18 U.S.C. § 942(c) in Counts Six, Eight, Twelve, and Thirteen of the Indictment against him, for the same pattern of criminal conduct during the course of the drug conspiracy, which was charged at Count Two, suggests a gross overcharging of the applicant.  Applicant urges that this issue be viewed under the ruling in Rutledge v. United States, 517 U.S. 292 (1996), based on the appearance of a single pattern of conduct for the drug and § 924(c) offenses.  Further, the applicant argues that the drug offenses charged in Counts Five and Seven should be merged with the weapons offenses into a single offense.  Applicant asserts that he can establish "cause" for not raising these claims in his direct appeal by establishing that his counsel was ineffective.  Applicant also urges that under Blakely, the jury, not the court, should have determined the appropriate sentence for the drug counts and the firearm violations.  As previously noted above, however, applicant's arguments under Blakely/Booker do not bring the applicant within the narrow exception established by the savings clause to allow him to attack the legality of his detention under § 2241.

7

Additionally, none of the applicant's other arguments in this regard places the claim within the savings clause of § 2255, thereby giving this court jurisdiction to review the claim under § 2241.  The essential function of habeas corpus is to give a prisoner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence."  In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998).  The applicant had the opportunity to raise the issues in this claim, other than the issue under Blakely/Booker, either on direct appeal or within the one-year period provided to § 2255 litigants.  See Id.  This opportunity is enough "to serve that essential function and to satisfy the Constitution."  Id.  As the Eleventh Circuit recognized in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), such an opportunity for review "does not mean [the applicant] took the shot, or even that he or his attorney recognized the shot was there for the taking.  All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."  Wofford, 177 F.3d at 1244.  Therefore, since the applicant certainly had the opportunity to raise his claim in a timely filed § 2255 motion, his claim does not fit within the § 2255 savings clause, and he should not be permitted to access the § 2241 habeas remedy.  See Id.

Finally, although courts have recognized that a clear showing of actual innocence might render relief under § 2255 inadequate and ineffective, see e.g. Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), applicant argues against having to make such a showing and, in the alternative, makes only a conclusory statement that he is "factually and legally innocent under Richardson."  APPLICANT'S RESPONSE, Docket #13, p. 5.  The Tenth Circuit has not yet ruled on this issue in a

published opinion, but in unpublished opinions has implied that actual innocence may allow an inmate to proceed under § 2241, in conformance with the savings clause of § 2255.  See United States v. Apodaca, 2004 WL 179493 n. 10 (10th Cir. 2004); Harris v. Gallegos, 2005 WL 1521950 (10th Cir. 2005).

While it is true that the Tenth Circuit has yet to publish a ruling on the issue, applicant has failed to establish by his other arguments that § 2255 is an inadequate or ineffective remedy and looking to the actual innocence exception, if it were deemed to be applicable in this circuit, would fair no better.  "To the extent that [an applicant] argues that his particular jury failed to find unanimously each of the predicate violations [under Richardson], his argument is for *legal* rather than *actual* or factual innocence." United States v. Barajas-Diaz, 313 F.3d 1242, 1248 (10th Cir. 2002) (distinguishing a Richardson claim from a claim of actual innocence on appeal of denial of § 2255 motion).  To demonstrate actual or factual innocence, he must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Id. (*quoting* United States v. Powell, 159 F.3d 500, 502 (10th Cir. 1998)). Applicant fails to do so.

Because the Application clearly seeks a remedy only available through a motion under 28 U.S.C. § 2255, and there is no basis under which this court has jurisdiction to consider the Application under the savings clause of § 2255, relief is more properly sought from the United States District Court for the Southern District of Iowa. Accordingly, the Application should be dismissed.

**II.     Evidentiary Hearing.**

The issues presented in the Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record. Accordingly, an evidentiary hearing in this regard is not required. See, generally, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **RECOMMENDED** that the Honorable Walker D. Miller **DENY** the Application [Filed October 1, 2004; Docket #1] and enter an Order directing that this case be dismissed without prejudice based upon a lack of jurisdiction by this court.

Dated at Denver, Colorado, this 29th day of November, 2005.

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge