IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02039-WDM-OES

PARMOTO RICHARD PURVIS,

    Applicant,

v.

WARDEN, R. WILEY, USP FLORENCE,[1]

    Respondent.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge O. Edward Schlatter, issued November 29, 2005, that the application for writ of habeas corpus filed by Parmoto Richard Purvis be dismissed without prejudice for lack of jurisdiction. Purvis filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the application for habeas relief, Respondent's motion to dismiss, Purvis's response, the recommendation, and the objection. For the reasons that follow, the recommendation will be granted.

In his application seeking habeas relief, filed pursuant to 28 U.S.C. § 2241, Purvis raises several claims attacking the validity of his 1996 conviction on multiple counts,

---

[1] Warden R. Wiley is substituted for Joe Gunja in accordance with Fed. R. Civ. P. 25(d).

including continuing criminal enterprise and conspiracy to distribute controlled substances, as well as the validity of the sentence imposed for his conviction. Specifically, he contends that his sentences are unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004),[2] and that his conviction violates the Double Jeopardy clause of the Fifth Amendment. Respondent moved to dismiss the application, arguing that Purvis had an adequate and effective remedy under 28 U.S.C. § 2255. Although he did not expressly recommend that the motion to dismiss be granted, Magistrate Judge Schlatter did agree with Respondent that the § 2241 application must be dismissed because Purvis has an adequate remedy under § 2255.

Section 2241 provides a remedy for prisoners in custody in violation of the Constitution, laws, or treaties of the United States. § 2241(c)(3). An application for a writ of habeas corpus under this section attacks the execution of a sentence and must be filed with the district court of the district in which the prisoner is incarcerated. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A section 2241 petition "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Id.*

Section 2255, by contrast, permits a prisoner in federal custody to file a motion to vacate, set aside, or correct his sentence where grounds exist to challenge the imposition of that sentence. This motion, attacking the validity of a judgment, must be filed with the district court that imposed the sentence. *Id.* Where a prisoner challenges the validity of a judgment and sentence, section 2255 generally provides an exclusive remedy. *Id.* ("The

---

[2] This issue is now extended to include the Supreme Court's rulings in *United States v. Booker*, 543 U.S. 220 (2005).

exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255") (citation omitted). By its express language, section 2255 prohibits a prisoner from also filing an application for writ of habeas corpus if the applicant has or could have filed for relief under section 2255, with the following exception:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255 (emphasis added).

Therefore, because Purvis filed a section 2255 motion in the sentencing court, which motion was denied, this provision in section 2255 precludes him from pursuing relief pursuant to a section 2241 habeas application unless he can demonstrate that the section 2255 remedy is inadequate or ineffective.

In the memorandum supporting his habeas application, in his response to the motion to dismiss, and in his objection to the recommendation, Purvis argues that a section 2255 remedy would be inadequate or ineffective. Although many of his statements are conclusory assertions of inadequacy, the gist of his argument is that the sentencing judge was biased against him and/or that the sentencing judge incorrectly decided his section 2255 motion.

As *Bradshaw* provides, however, the alleged bias of the sentencing court does not render a section 2255 motion inadequate because Purvis may move to recuse the judge.

86 F.3d at 167. Similarly, the facts that Purvis's prior 2255 motion was denied or that he may be barred from filing a second motion does not establish that the section 2255 remedy is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

I agree with Magistrate Judge Schlatter that Purvis has not met his burden of showing that a section 2255 remedy is inadequate or ineffective.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Schlatter, issued November 29, 2005, is accepted.

2. The motion to dismiss, filed December 3, 2004, is granted.

3. The application for writ of habeas corpus is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, on March 3, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge